UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL MCGREGORY, R12186, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 16-cv-4258 |
| v. ) | |
| ) | Judge John W. Darrah |
| RANDY PFISTER, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Daniel McGregory, proceeding *pro se*, filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, against Respondent Warden Randy Pfister. For the reasons stated below, McGregory's Petition [1] is denied. Additionally, a certificate of appealability shall not issue.

## BACKGROUND

On June 20, 2006, a jury found Petitioner guilty of first-degree murder, and the trial court sentenced him to forty-five years of imprisonment. The relevant facts developed in state court are presumed to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). The following facts were elicited at trial in Cook County, Illinois.

Harris' girlfriend, Katherin Hillman, testified that on October 29, 2003, she and Harris were standing in a parking lot in Maywood, Illinois, when she saw Petitioner walking toward them. (State Ct. Rec. Exh. A at 1-2.) When Hillman brought this to Harris' attention, Harris turned and faced Petitioner. Petitioner then pulled out a gun and fired. Harris ran away, and Petitioner pursued him. Hillman drove after them and heard more shots. Harris ran into the street and fell down after Petitioner shot him again. Petitioner then ran away. (Id. at 2.)

Detective Lawrence Connor testified that he responded to the report of a shooting and saw Petitioner running through an alley. He exited his car and pursued Petitioner on foot and arrested him. At the police station, after a lineup was conducted, Detective Connor spoke to Petitioner. Petitioner admitted he shot the victim, and Detective Connor called the State's Attorney's Office to interview him. Petitioner's interview was memorialized in writing and videotaped. (Id. at 3.) Assistant State's Attorney Steven Krueger testified that he transcribed Petitioner's statement and read it to Petitioner so that he could make corrections and initial each page. Petitioner stated that two weeks prior to the shooting, he won 100 dollars from Harris while "pitching coins." Harris then punched Petitioner. Petitioner received stitches for his injuries.

On the night of the shooting, Petitioner saw Harris speaking with another man and thought that Harris was talking about him. Petitioner left the area, retrieved his gun, and returned to where he saw Harris. When Harris noticed Petitioner, Petitioner drew his g un. Harris began to run away, and Petitioner shot at him. Petitioner chased Harris and continued shooting. Harris fell down, and Petitioner fired once more. Petitioner then ran away and threw the gun in some bushes. (Id. at 4.) Petitioner also made a videotaped statement. In the statement, Petitioner stated that although he had seen Harris with a gun in the past, Harris was unarmed the night of the shooting. He also stated that he thought he had to kill Harris before Harris killed him. (Id. at 5.)

At trial, Petitioner testified that Harris did not have a gun the night of the shooting and did not threaten to kill him. Petitioner stated that when Harris did threaten to beat him up just before he pulled out his gun and fired. (Id. at 6.) The jury found Petitioner guilty of first-degree

murder, and the trial court sentenced him to 45 years of imprisonment. (Id. at 7.) Petitioner appealed and the state appellate court affirmed his conviction. (Id. at 13.)

On July 9, 2010, the state appellate court denied Petitioner's motion for rehearing. (Id. at 91.) Petitioner did not file a petition for leave to appeal ("PLA") in the Illinois Supreme Court. Petitioner alleged that he did not learn of the appellate court's order denying his petition for rehearing until June of 2011. (Id. at 103.) On August 15, 2011, Petitioner filed a *pro se* motion for leave to file a late PLA. The Illinois Supreme Court denied his request on November 30, 2011. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On August 8, 2012, Petitioner filed a *pro se* post-conviction petition with the state trial court. The trial court dismissed the petition as frivolous and without merit. The state appellate court affirmed the dismissal. (Exh. H.) Petitioner then filed a PLA that was denied by the Illinois Supreme Court on September 30, 2015. (Exh. M.) The United States Supreme Court denied Petitioner's petition for a writ of certiorari on March 21, 2016. (Exh. N.) Petitioner filed this petition for *habeas corpus* on April 11, 2016. (Dkt. 1.)

**LEGAL STANDARD**

Petitioner's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's authority to grant petitions for *habeas corpus*. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Historically, *habeas corpus* relief has been viewed as "an extraordinary remedy, 'a bulwark against convictions that violate fundamental fairness.'" *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1933) (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982)) (other internal citations omitted). It provides that relief may not be granted to any claim

3

adjudicated on the merits in a state court proceeding unless the claim "was contrary to, or involved an unreasonable application of Supreme Court precedent" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F. 3d 831, 841 (7th Cir. 2010). State court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro*, 550 U.S. at 474 (citing 28 U.S.C. § 2254(e)(1)).

## ANALYSIS

The Government argues that the petition for writ of *habeas corpus* should be dismissed because it is barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244. Petitioner does not allege a State-created impediment to filing, a newly recognized and retroactively applicable constitutional right, or a subsequently discovered factual

4

predicate. A petitioner's judgment becomes "final" under section 2244(d)(1)(A) when the time for seeking review in a State's highest court expires. *Gonzalez v. Thaler,* 132 S. Ct. 641, 656 (2012). The one-year statute of limitations began to run on August 13, 2010, the date on which Petitioner's conviction became final, or thirty-five days after the state appellate court denied his motion for rehearing on direct review. Thus, the one-year statute of limitations expired on August 13, 2011. Petitioner filed his petition on April 11, 2016, almost five years after the statute of limitations expired.

Petitioner is also not entitled to equitable tolling of the statute of limitations for filing a *habeas* petition. A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner argues that he did not learn that his petition for rehearing was denied until June of 2011. The state appellate court denied his petition on July 9, 2010. Petitioner filed his motion for leave to file a late PLA on August 15, 2011. After the Illinois Supreme Court denied that motion, Petitioner waited almost nine months to file a post-conviction petition. After that petition was denied, Petitioner then waited another six months before filing this *habeas* petition. "When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a *habeas* petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires." *Taylor v. Michael,* 724 F.3d 806, 811-112 (7th Cir. 2013).

Even tolling the time between the date Petitioner's petition for rehearing was denied and the date Petitioner allegedly found out about this denial, more than one total year of time elapsed before he filed this petition (nine months between the denial of his motion to file a late PLA and

5

the beginning of post-conviction review, and six months from the end of post-conviction review and the filing of this petition). Petitioner had a reasonable amount of time remaining to file his *habeas* petition, but failed to do so. Petitioner makes no other argument that he pursued his rights diligently, or that any extraordinary circumstances prevented him from filing his *habeas* petition in a timely matter.

*Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. In addition, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability, petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id*. Petitioner fails to make this demonstration. Thus, a certificate of appealability shall not issue.

## CONCLUSION

For all the reasons discussed above, Petitioner's Petition for Writ of *Habeas Corpus* [1] is denied. Additionally, a certificate of appealability shall not issue.

Date: February 15, 2017

JOHN W. DARRAH
United States District Court Judge